**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KENNETH GRANT and DOCKSIDE and
BEYOND

            Plaintiffs,

-vs-

STATE NATIONAL INSURANCE COMPANY,
INC.

            Defendant.

Civ. No.: 1:22-cv-01441-LJL

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**

---

Defendant, STATE NATIONAL INSURANCE COMPANY, INC., by its attorneys RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP, as and for its Answer to plaintiff's Complaint, states upon information and belief as follows:

## ANSWER

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 2.

3. Admit Defendant is an insurance company with a principal place of business in Texas, except as specifically admitted denies the allegations in the paragraph 3.

4. Denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5.

6. Admit Defendant issued a Tradewinds Yacht Insurance Policy number TWD00000921 based on representations made and subject, *inter alia*, to all terms, conditions, warranties, and exclusions, and denies the remaining allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 10.

11. Admits the allegations contained in paragraph 11.

12. Admits that Donnalley Marine surveyed the vessel in early 2020, and the vessel was hauled out of the water on March 2, 2020, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 24.

25. Denies the allegations contained in the paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 46.

## FIRST CAUSE OF ACTION

47. Defendant repeats each allegation in paragraphs 1 - 46 hereof as if set forth at length herein.

48. Defendant admits the parties entered into a contract, denies knowledge of the remaining allegations in the paragraph 48 and refers to the applicable contract of marine insurance for, *inter alia*, all terms, conditions, warranties and exclusions for coverage.

49. Admit the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54.

55. Denies the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

## SECOND CAUSE OF ACTION

57. Defendant repeats each allegation in paragraphs 1 - 56 hereof as if set forth at length herein.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 58 and refers to the applicable contract of marine insurance

for all terms, conditions, warranties, and exclusions for coverage, as well as maritime law or New York law.

59. Denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 60.

61. Denies the allegations contained in paragraph 61.

As and for his general and affirmative defenses, defendant alleges upon information and belief as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62. The complaint fails to state a cause of action against defendant upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

63. Any alleged conditions, losses or damages sustained by plaintiff, as set forth in the complaint, were not sustained as a result of any act or failure to act on the part of defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

64. The Complaint fails to state a cause of action for bad faith or punitive damages as a matter of law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

65. Plaintiff's lack of maintenance or proper repair of the vessel is the proximate cause of the alleged damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

66. All claims against defendant are barred to the extent that the plaintiff failed to mitigate, minimize, or avoid any damage allegedly sustained.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

67.     Defendant claims all policy defenses available under the policy, as well as state and federal law, statutes, and regulations.

68.     The Policy's Exclusions, "9. ADDITIONAL EXCLUSIONS APPLICABLE TO COVERAGE A" provides:

> **We** will not pay for **loss** resulting from the following exclusions. Except, exclusions "a" through "k" shall not apply to resulting loss caused by fire, explosion, sinking, demasting, collision or stranding of the **covered property**:
>
> a. Wear and tear.
> b. Inherent vice.
> c. Mechanical breakdown or failure.
> d. Gradual deterioration, including but not limited to, corrosion, metal fatigue, rust, mold, weathering, wet or dry rot.
> e. Osmosis, blistering, bubbling, or delamination unless caused by fire or lightning.
> f. Birds, vermin, rodents, insect infestation, wild or domestic animals unless caused by physical impact with **covered property**.
> g. Marring, scratching, chipping, or denting unless caused by a single and accidental impact of the **covered property** with another foreign object.
> h. Damage not repaired or improperly repaired.
> i. Damage to **covered property** from the improper installation or application of **custom graphics**.
> j. Damage to **custom graphics** from improper installation or application, including but not limited to:
>     (1) bubbling;
>     (2) blistering;
>     (3) water seepage;
>     (4) faulty bonding or adhesion;
>     (5) stretching;
>     (6) discoloration;
>     (7) fading.
> k. Dock rash.
> l. Damage to **covered property** caused from gaining entry to **your covered property** for covered lockout services;
> m. **Diminution of value**.
> n. Damage to **covered property** caused by a **latent defect** of any part more than fifteen (15) years old.
> o. Electrolysis damage resulting from:
>     (1) electric current originating from **covered property**; or
>     (2) failure to maintain sacrificial anodes.
> p. Failure to:
>     (1) provide proper storage or winterize the **covered property** to the standards of the manufacturer or accepted standards of the area;

7

    (2) maintain the **covered property** in good condition so that the **covered property** cannot be damaged by ordinary weather or water conditions, or the rigors of normal use.

q. Defects in title.

x  x  x

s. Betrayal or deceit by an **insured person's** employees or any person to whom the property is entrusted.

x  x  x

<u>**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**</u>

69. Any damages, as alleged in the complaint, which are denied, were caused in whole or in part, and/or were contributed, through the negligence, fault, want of care, and/or culpable conduct of plaintiff, and/or on the part of others, without any negligence on the part of defendant, or its representatives.

<u>**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**</u>

70. Damages, if any, were the result of plaintiff's fault, neglect, breach of duty of care, maintenance, and/or lack of seaworthiness of the vessel, and/or on the part of others, over whom defendant exercises no legal authority or control.

<u>**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**</u>

71. Damages alleged, if any, did not occur during the term of the applicable policy.

<u>**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**</u>

72. Damages alleged, if any, were caused and/or contributed to by Plaintiff and/or Plaintiff's agents, surveyors, or representatives intentionally and/or manually and not by accident or fortuity.

73. The Policy's "2. DISHONEST, ILLEGAL OR INTENTIONAL ACTS EXCLUSION" excludes, "Any willful, intentional or criminal activity of an insured person."

8

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74. Insured breached the duty to notify insurer SNIC as soon as possible of an accident in accordance with the terms of the Policy.

75. The Policy section, "AN INSURED PERSON'S DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS" provides:

> 1. An **insured person** must notify **us** of an **accident** as soon as possible. This notice should include:
>    a. how, when and where the **accident** or offense took place;
>    b. the names and addresses of any injured persons and witnesses;
>    c. the nature and location of any **bodily injury** or **property damage**.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

76. To the extent other insurance was in effect at the time of the loss or further losses thereof, such other insurance applies to any loss claimed.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

77. The claim is barred to the extent evidence of fraud is established.

## AS A COUNTERCLAIM FOR DECLARATORY RELIEF

78. Defendant and Counterclaimant State National Insurance Company ("SNIC") repeats and reiterates each and every allegation designated 1 through 77 herein with the same force and effect as if set forth in length.

79. This is a Counterclaim against Plaintiffs Kenneth Grant ("Grant") and Dockside and Beyond, LLC ("Dockside"), to declare the rights and other legal relations of interested parties, and is brought pursuant to 28 U.S.C. § 2201.

80. Defendant and Counterclaimant SNIC is an insurance company existing under the laws of the State of Texas with its principal place in Bedford, Texas.

81. Counterclaim Defendant Grant resides either in Pennsylvania or South Carolina, but does not reside in the forum state.

82. Counterclaim Defendant Dockside is a limited liability company formed under the laws of the State of Delaware, of which Grant is, upon information and belief, the sole member.

83. This Counterclaim involves, *inter alia*, the validity of the 2018-2019 renewal of SNIC policy TWD00000921 ("the Policy") issued on the "Vessel" as defined in Plaintiffs' Complaint.

84. The Policy is a maritime contract, subject to maritime law and as to which this Court may exercise admiralty jurisdiction under 28 U.S.C. § 1333. The Counterclaim forms part of the same case or controversy as the Plaintiffs' claims, and is within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

85. Venue is proper because the Policy designates this Court as the exclusive forum for resolution of disputes.

86. Upon information and belief, the first owner of the Vessel was Fleetway Leasing Co., Inc., ("Fleetway") which corporation leased the Vessel to Grant.

87. Upon information and belief, in about September of 2011, while under operation by Grant, the Vessel ran aground in the vicinity of Sandy Hook, New York, and sustained damage to its propellers and shafts, among other components.

88. The aforementioned damage was, upon information and belief, repaired at yard in the New York area, at a cost of at least $75,000.

89. Prior to August 15, 2015, the Vessel was insured by a marine insurer other than SNIC.

90. On or about June 23, 2015, Fleetway executed a bill of sale conveying the Vessel to "DOCKSIDE AND BEYOND/KEN GRANT."

91. On April 24, 2017, Grant completed and signed a Tradewinds Yacht Insurance Application ("the Application") for the SNIC Policy in effect from August 15, 2016 to August 15, 2017.

92. The Application, as completed, contained certain misrepresentations, including

   a. The Application stated that the Vessel was purchased new, when in fact Fleetway was the first purchaser of the Vessel and did not convey the same to Dockside and Grant until nearly ten years later;
   b. The Application failed to disclose the 2011 grounding incident, instead falsely denying the existence of any prior damage to the Vessel, failing to describe the damage, and failing to give the date of repair as specifically called for in the Application.

93. SNIC relied on these misrepresentations in maintaining the Policy in effect and in renewing the Policy for the 2017-2018 and 2018-2019 Policy years.

94. The Declarations for the Policy in effect for the 2017-2018 policy year stated that the mooring location for the Vessel was 500 Harborview, Baltimore, Maryland, which was the location represented by Grant in the Application.

95. In May of 2018, Plaintiffs changed the Vessel's mooring location from Baltimore, Maryland to Lightkeepers Point Marina in Little River, South Carolina.

96. On or about June 13, 2018, SNIC sent Plaintiffs a Declarations page for the renewal of the Policy for the period August 15, 2018 to August 15, 2019. The said Declarations page continued to represent the Vessel's mooring location as 500 Harborview, Baltimore, MD.

97. In its letter transmitting the declaration page for the 2018-2019 renewal, SNIC's agent requested Plaintiffs to review the accuracy of the declarations page for the next Policy year, specifically including the mooring address.

11

98.   Plaintiffs did not notify SNIC that the Vessel's mooring location had been changed to Little River, South Carolina. Accordingly, the Policy declarations for 2018-2019 continued to show Baltimore, Maryland as the Vessel's mooring location.

### AS A FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
### (Breach of the Duty of Utmost Good Faith)

99.   Defendant realleges paragraphs 78 to 98 of its Counterclaim as if set forth herein verbatim.

100.   Plaintiffs misrepresented the existence of prior damage to the Vessel.

101.   Plaintiffs misrepresented as to whether the Vessel was purchased new.

102.   Plaintiffs' misrepresentations were material to the risk to be assumed by the marine insurer.

103.   SNIC relied on these misrepresentations in determining whether and on what terms to renew the Policy for the 2018-2019 period.

104.   The aforementioned misrepresentations amounted to a breach of the insured's duty of utmost good faith.

105.   Because of these misrepresentations, Defendant is entitled to a declaration that the Policy in effect at the time of the alleged loss at issue in this case is void *ab initio*.

### AS A SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
### (Breach of the Duty of Utmost Good Faith)

106.   Defendant realleges paragraphs 78 to 98 of its Counterclaim as if set forth herein verbatim.

107.   The change in the Vessel's mooring location from Baltimore, Maryland, to Little River, South Carolina was material to the risk to be assumed by the marine insurer.

108.   Plaintiffs' failure to disclose the change in the Vessel's mooring location despite a request for disclosure of the same amounted to a material misrepresentation.

109. SNIC relied on this misrepresentation in determining whether and on what terms to renew the Policy for the 2018-2019 period.

110. The aforementioned misrepresentation amounted to a breach of the insured's duty of utmost good faith.

111. Because of this misrepresentation, Defendant is entitled to a declaration that the Policy in effect at the time of the alleged loss at issue in this case is void *ab initio*.

### AS A THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF
### (Breach of Warranty)

112. Defendant realleges paragraphs 78 to 98 of its Counterclaim as if set forth herein verbatim.

113. The Policy contains a full disclosure warranty to the effect that all statements made by the insured in its application are accurate and complete, and that any statements provided to the insurer at midterm or at renewal are accurate and complete.

114. Plaintiffs' statements in the Application, as alleged hereinabove, were not accurate and complete and amounted to a breach of the full disclosure warranty.

115. Furthermore, Plaintiffs' failure to disclose the change in the Vessel's mooring location amounted an inaccurate or incomplete statement at renewal, also in breach of the full disclosure warranty.

116. Because of these breaches of warranty, Defendant is entitled to a declaration that the Policy in effect at the time of the alleged loss at issue in this case is void *ab initio*.

**WHEREFORE**, defendant prays for the following:

   a. Judgment in its favor, dismissing Plaintiffs' complaint, with prejudice;
   b. On its Counterclaim, for a declaration that the Policy in effect at the time of the loss alleged herein is void *ab initio* and that Defendant shall return the premium due thereon to the Plaintiff;
   c. Costs including reasonable attorneys fees;

    d. Reimbursement, *inter alia*, insurers costs and expenses of maritime surveyors and experts; and

    e. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 18, 2022

                               **RUBIN, FIORELLA,**
                               **FRIEDMAN & MERCANTE LLP**

                         By: _____
                               James E. Mercante, Esq.
                               Michael E. Stern
                               630 Third Avenue, 3rd Floor
                               New York, NY  10017
                               Tel: 212-953-2381
                               Fax: 212-953-2462
                               Our File: 0845.43508